UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA WONN, | No. 2:22-cv-02179-DAD-KJN |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE CO., | (Doc. No. 5) |
| Defendant. | |

This matter is before the court on the motion to dismiss certain claims filed by defendant on December 15, 2022 pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) On February 24, 2023, defendant's motion was taken under submission on the papers. (Doc. No. 11.) For the reasons explained below, the court will grant defendant's motion.

**BACKGROUND**

On October 28, 2022, plaintiff Julia Wonn filed the complaint initiating this action against defendant American Family Connect Property and Casualty Insurance Company. (Doc. No. 1.) Plaintiff alleges the following in her complaint. Plaintiff was a passenger in a vehicle owned and driven by a third party when it struck a parked vehicle. (Doc. No. 1 at ¶ 7.) As a result, plaintiff suffered serious injuries, with her medical bills alone exceeding $259,000. (*Id.* at ¶ 9.) The at-

/////

1

fault driver possessed liability insurance with a per person "bodily injury" limit of $15,000, which was paid to plaintiff.  (*Id.* at ¶ 10.)

At the time of the accident, plaintiff was living with her mother Laura Wonn, who had an automobile insurance policy ("the policy") issued by defendant, and that policy included uninsured/underinsured motorist coverage. (*Id.* at ¶¶ 11, 12.)  Defendant had not been told plaintiff was living with her mother.  (*Id.* at ¶ 11.)  The policy includes uninsured motorist coverage with a per-person "bodily injury" limit of $250,000.  (*Id.* at ¶ 17.)  The policy promises defendant will "pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of . . . [b]odily [i]njury sustained by an insured and caused by an accident . . . ." (*Id.* at ¶ 18.)  An "uninsured motor vehicle" is defined to include an underinsured motor vehicle, which is a vehicle "to which a liability bond or policy applies at the time of accident but its limit for bodily injury liability is less than the limit of liability for this coverage."  (*Id.* at ¶ 21.)  "Insured" is defined as "you [Laura Wonn] or a 'relative.'"  (*Id.* at ¶ 19.)  "Relative" is defined by the policy as "a person related to you by blood, marriage or adoption who is a resident of your household and whom you have previously identified to us."  (Id. at ¶ 20.)  In addition, the policy contains a provision stating that the policy will "comply with [state] law to the extent of the coverage and limits of liability required by that law."  (*Id.* at ¶ 22.)

After the accident, plaintiff presented an underinsured motorist claim to defendant.  (Doc. No. 1 at ¶ 28.)  Defendant denied the claim under the policy as issued.  (*Id.* at ¶ 29.)  It advised plaintiff she did not qualify as an insured resident relative under the policy's coverage related to uninsured/underinsured motorist, even though she lived with her mother at the time of the accident, because plaintiff had not previously been identified to defendant as a resident of her mother's household.  (*Id.*)  Defendant concluded the policy provided no coverage of plaintiff at all and plaintiff was not entitled to any benefits under the policy.  (*Id.*)  Defendant conceded, however, that plaintiff does qualify as an insured resident relative under California Insurance Code § 11580.2.  (*Id* at ¶ 30.)  Accordingly, defendant concluded "coverage" could be provided to plaintiff solely under the California Insurance Code, without regard to her mother's policy.

2

(*Id.*) Defendant thus paid plaintiff $15,000, which it calculated to be the amount plaintiff was owed in underinsured motorist benefits pursuant to the California Insurance Code after subtracting the amount plaintiff had already received from the other motorist's policy. (*Id.*) Plaintiff, however, alleges that she was entitled to $235,000 in underinsured motorist coverage benefits under the policy, representing the policy's $250,000 underinsured motorist benefits minus the amount plaintiff had already received from the other motorist's policy. (*Id.* at ¶ 48.)

On the basis of these allegations, plaintiff filed a complaint on October 28, 2022 in Solano County Superior Court, asserting the following causes of action: (1) declaratory relief (*id.* at 13–14); (2) reformation of contract (*id.* at 14); (3) breach of contract (*id.* at 14–15); (4) breach of the implied covenant of good faith and fair dealing (*id.* at 15–16); and (5) unfair business practices in violation of California Business & Professions Code § 17200 (*id.* at 16–18).

On December 6, 2020, defendant removed this action to this federal court on the basis of diversity jurisdiction. (Doc. No. 1.) On December 15, 2022, defendant filed the pending motion to dismiss plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. No. 5.) On December 29, 2022, plaintiff filed an opposition to the pending motion to dismiss, and on January 5, 2023, defendant filed its reply thereto. (Doc. Nos. 9, 10.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] Despite asking the court to dismiss the entirety of plaintiff's complaint, neither defendant's motion to dismiss nor its reply in support of that motion address plaintiff's fourth and fifth causes of action. Accordingly, the court will only address the causes of actions discussed by defendant in its pending motion.

3

(2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), *abrogated on other grounds by DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117 (9th Cir. 2019).

## ANALYSIS

### A.   Declaratory Relief and Breach of Contract Claims

In its pending motion, defendant first argues that plaintiff's first and third causes of action for declaratory relief and breach of contract must be dismissed because defendant performed as required under the policy and the California Insurance Code.  (Doc. No. 5 at 2, 4.)  Under California law, the elements of a breach of contract claim are:  (1) the existence of a contract; (2) plaintiff's performance under the contract or excuse for nonperformance; (3) defendant's breach; and (4) resulting damages to the plaintiff.  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

The parties agree that plaintiff was a relative of the named insured and resided with the named insured at the time of the accident and thus qualifies as an insured for the purposes of subsection (b) of § 11580.2.  (Doc. No. 1 at ¶ 11; Doc. No. 5 at 7); *see* Cal. Ins. Code §§ 11580.2(b) (defining "insured" as "the named insured and the spouse of the named insured and, while residents of the same household, relatives of either while occupants of a motor vehicle or otherwise . . . .").  At issue is whether plaintiff's status as an "insured" pursuant to state law necessarily requires defendant to provide her with the benefits of an "insured" under the policy (specifically, the $250,000 in uninsured/underinsured motorist benefits)—benefits beyond the minimum statutory requirements of §§ 11580.2(m) and (n).  (Doc. Nos. 5 at 7–10; 6 at 11–20.)

Defendant argues that "[b]ecause [it] complied fully with the obligation of its contract, which includes the statutory terms that are implicit in the contract, Wonn has not stated a claim

for breach of contract (her third cause of action) or for the declaration that she seeks (her first cause of action)." (Doc. No. 5 at 2.) Specifically, defendant argues that plaintiff was not an "insured" under the policy terms. (*Id.* at 6.) Although the policy insures all "relatives" residing with the named insured, the policy also limits "relatives" to those the named insured has "previously identified" to defendant. (*Id.*) Thus, although plaintiff's mother was insured, and although plaintiff was living with her mother at the time of the accident, defendant contends that plaintiff is not an "insured" under the policy because she was not identified to defendant before the accident and, accordingly, plaintiff was not entitled to the benefits of the policy's uninsured/underinsured motorist provision. (*Id.*) In opposition, plaintiff contends that she qualifies as an "insured" under her mother's policy pursuant to § 11580.2(b), and by extension, was entitled to the benefits of the policy's uninsured/underinsured motorist provision. (Doc. No. 6 at 12–13.)

The California Insurance Code sets forth the public policy of California regarding provisions authorized or required to be included in policies affording automobile liability insurance. Cal. Ins. Code § 11580.05. Any automobile liability policy issued or delivered in California "shall comply with the requirements set forth in [Insurance Code] Sections 11580, 11580.1, and 11580.2." *Id.* Such policies must provide uninsured/underinsured motorist coverage unless it is expressly waived by the insured in writing in the form specified by the statute. *Id.* § 11580.2(a)(2). Section 11580.2 requires that "[c]overage provided under an uninsured motorist endorsement or coverage shall be offered with coverage limits equal to the limits of liability for bodily injury in the underlying policy of insurance, but shall not be required to be offered with limits in excess of [$30,000 per person and $60,000 per accident]." *See id.* § 11580.2(m). Underinsured motorist coverage limits must be at least equal to the uninsured motorist limits. *Id.* § 11580.2(n).[2] The insurer can offer more uninsured/underinsured motorist coverage than required by the statute, but it cannot offer less without following the form of

---

[2] "Section 11580.2 applies to both uninsured motorist coverage and underinsured motorist coverage, and the definitions and requirements therein apply equally to both." *IDS Prop. Cas. Ins. Co. v. Chow*, No. 18-cv-01390-JVS-ADS, 2019 WL 13039656, at *4 n.3 (C.D. Cal. Apr. 15, 2019), *aff'd*, 815 F. App'x 165 (9th Cir. 2020).

5

agreement specified in § 11580.2(a)(3).  *See CalFarm Ins. Co. v. Wolf*, 86 Cal. App. 4th 811, 815 (2001).  If an insurance policy fails to expressly provide the statutorily-required uninsured/underinsured motorist coverage, the requirements of California Insurance Code § 11580.2 are deemed to enter the insurance policy as if they had been written there.  *See Modglin v. State Farm Mut. Auto. Ins. Co.*, 273 Cal. App. 2d 693, 698–99 (1969) ("[E]very bodily injury motor vehicle liability policy issued or delivered in this state should provide uninsured motorist coverage . . ., and the provisions of the statute are part of every policy of insurance to which it is applicable, to the same effect as if it was written out in full in the policy itself."); *Craft v. State Farm Mut. Auto. Ins. Co.*, 14 Cal. App. 4th 1284, 1292 (1993) ("[A]n insurance policy is governed by the relevant statutory law in force at the time the policy is issued.  Such provisions are read into the policy and become a part of the contract.").

Section 11580.2(b) also establishes the scope of the uninsured/underinsured motorist coverage, in part by defining who is entitled to policy benefits as an "insured."  It defines the "insured" as

> the named insured and the spouse of the named insured and, while residents of the same household, relatives of either while occupants of a motor vehicle or otherwise, heirs and any other person while in or upon or entering into or alighting from an insured motor vehicle and any person with respect to damages he or she is entitled to recover for care or loss of services because of bodily injury to which the policy provisions or endorsement apply . . . .

Cal. Ins. Code § 11580.2(b).  Section 11580.2(b) does not condition coverage for a resident relative on prior identification of that relative to the insurer.

As noted, defendant concedes that plaintiff qualifies as an "insured" for purposes of § 11580.2.  (Doc. No. 5 at 7.)  Defendant argues, however, that plaintiff is only statutorily insured and not contractually insured due to her not having been previously identified to defendant by her mother, and accordingly, she is covered only by the $30,000 statutory limit and not the full policy limit of $250,000.  (*Id.*)  Thus, defendant argues that it complied with its contractual obligations by paying plaintiff's underinsured motorist claim based on the statute's $30,000 minimum.  (*Id.* at 10.)  Plaintiff, on the other hand, argues when the court reads the language of § 11580.2(b) into the policy, as it must do, it will find that plaintiff is an insured

1  under the policy, entitling her to the policy limit rather than the statutory minimum. (Doc. No. 6
2  at 13.)
3         The court finds the Ninth Circuit's decision in *IDS Property Casualty Insurance Co. v.*
4  *Chow*, 815 F. App'x 165 (9th Cir. 2020)[3] to be instructive. Just as here, the plaintiff in *Chow* was
5  a relative of the named insured whose status as a resident of the named insured's household had
6  not been disclosed to the insurer. *Id.* at 166. Additionally, just as here, the applicable insurance
7  policy provided uninsured/underinsured motorist coverage only to disclosed resident relatives.
8  *Id.* Holding that the plaintiff was entitled only to the statutory limit rather than the policy limit,
9  the Ninth Circuit explained:

> Chow maintains that she is entitled to $250,000 in coverage under the express terms of the policy because the "previously identified" requirement is unenforceable, and when that requirement is read out of the policy, she meets the policy's definition of "relative." We disagree. Under California law, "policy exclusions . . . are not enforceable to the extent they conflict with California law." . . . Thus, the policy's "previously identified" requirement is unenforceable to the extent it denies all coverage to unidentified resident relatives, but it is enforceable to the extent it denies coverage above the $30,000 statutory minimum.

16  *Id.* at 167 (citations omitted). Plaintiff contends that the decision in *Chow* finds no support in
17  California law. (*See* Doc. No. 6 at 7.) The court disagrees.
18         In support of its holding, the Ninth Circuit in *Chow* cited *Enterprise Insurance Co. v.*
19  *Mulleague*, 196 Cal. App. 3d 528 (1987), which is likewise applicable to this case. *Chow*, 815 F.
20  App'x at 167. In *Mulleague*, the California Court of Appeal addressed what limit applies to
21  uninsured motorist claims that fall within the mandated provisions of § 11580.2 but outside the
22  uninsured motorist insurance policy language. 196 Cal. App. 3d at 534. A provision in the
23  applicable insurance policy at issue in that case restricted the uninsured motorist coverage of
24  $600,000 to vehicles with a load capacity of no more than 1,500 pounds. *Id.* at 532–33. The
25  plaintiff was operating a vehicle with a load capacity exceeding 1,500 pounds when he collided
26  with an uninsured vehicle, and he claimed the full $600,000 limit of his insurance policy. *Id.* at

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

7

1  532. The state appellate court held that the insurance policy's $600,000 uninsured motorist
2  coverage was not applicable because the vehicle in question exceeded the provision's 1,500-
3  pound limit; instead, the statute's uninsured motorist policy was implied into the policy "by
4  operation of law" per subsection (m) of § 11580.2, with limits of $30,000 per person and $60,000
5  per accident. *Id.* at 536.

6  Here, plaintiff attempts to distinguish the decision in *Mulleague* by asserting that there the
7  policy did not provide uninsured motorist coverage at all and no waiver of uninsured coverage
8  had been obtained, whereas here, the policy did provide for such coverage. (Doc. No. 6 at 17.)
9  However, the policy in *Mulleague* did in fact provide uninsured motorist coverage but restricted it
10 as to vehicles with a load capacity of more than 1,500 pounds. 196 Cal. App. 3d at 532. Because
11 § 11580.2 did not itself limit uninsured benefits in that manner and there had been no waiver of
12 uninsured motorist coverage in the form prescribed by the statute, the California Court of Appeal
13 held that uninsured motorist coverage must be afforded. *Id.* at 534. Even though the policy did
14 provide uninsured motorist coverage for vehicles with a load capacity of less than 1,500 pounds,
15 the court concluded that the limit applicable to the plaintiff in that case was the statute's $30,000
16 limit rather than the policy's $600,000 limit. *Id.* at 538. Likewise, here, because defendant did
17 not obtain a written waiver from its named insured, defendant has acknowledged that it was
18 statutorily obligated to provide uninsured/underinsured motorist coverage for plaintiff if she was
19 residing in her mother's household at the time. (Doc. No. 7 at 7.) Like *Mulleague*, however, the
20 coverage limit applicable to plaintiff is the statute's $30,000 limit. *See id.* at 538.

21 The holding in *Mulleague* is in line with the holdings of other California appellate courts
22 that have addressed the issue of the extent of "optional" coverage. *See California State*
23 *Automobile Ass'n. Inter-Insurance Bureau v. Gong*, 162 Cal. App. 3d 518, 527–29 (1984);
24 /////
25 /////
26 /////
27 /////
28 /////

8

*Canadian Insurance Co. v. Ehrlich*, 229 Cal. App. 3d 383, 391 (1991).[4]  As defendant points out, the same issue is presented here; limits above $30,000 are "optional." (Doc. No. 7 at 8.)  "If an insurer extends coverage beyond the statutorily-mandated minimums, it may tailor such additional coverage by drafting exclusions applicable to such additional coverage, without violating [the applicable statute]." *Ehrlich*, 229 Cal. App. 3d at 390.  Here, plaintiff alleges that defendant's policy provided uninsured/underinsured motorist coverage beyond the statutory $30,000 limit but restricted that additional coverage to resident relatives who had been disclosed to defendant.  So long as defendant complied with the statutory requirement of providing $30,000 in uninsured/underinsured benefits to applicable beneficiaries identified by the California Insurance Code, defendant was free to contract to provide additional underinsured/uninsured benefits to certain individuals who meet the policy's requirements.  In other words, there is nothing in § 11580.2 that requires an insurer to pay its full policy limits to claims that fall within the statute but outside the particular policy's terms.  Section 11580.2 merely requires that an insurer provide uninsured and underinsured as motorist coverage up to $30,000 per person and $60,000 per accident.  Consequently, defendant could lawfully limit uninsured/underinsured motorist coverage above the statutory limit to resident relatives that had been previously identified by the policy holder to it.

Plaintiff also advances the unpersuasive argument that a court cannot read the minimum statutory limits into a policy where the policy itself provides greater protection to that policy's insured. (Doc. No. 6 at 14.)  Plaintiff is correct that when California Insurance Code § "11580.2's coverage provisions are less favorable to an insured than those which the insurer chose to write into its policy, the statutory provisions may not be read into the policy to the insured's detriment." *Akkerman v. Grange Insurance Ass'n*, 525 F. Supp. 3d 1122, 1125 (E.D.

---

[4] "For questions of California law, [this court] must apply the law as [it] believe[s] the California Supreme Court would apply it." *Astaire v. Best Film & Video Corp.*, 116 F.3d 1297, 1300 (9th Cir. 1997), *amended*, 136 F.3d 1208 (9th Cir. 1998).  If, as here, an issue has not been decided by the California Supreme Court, this court "must predict how the California Supreme Court would decide the issue . . . ." *Id.*  The court appropriately looks to California appellate courts' analysis of the applicability of California Insurance Code § 11580.2 to automobile insurance policies in predicting how the California Supreme Court would decide the issue.

1 Cal. 2021) (citing *Utah Prop. & Cas. Ins. Etc. Ass'n v. United Servs. Auto. Ass'n*, 230 Cal. App.
2 3d 1010, 1018 (1991)); *see also Wolf*, 86 Cal. App. 4th at 817 (interpreting the insurance contract
3 such that the insured received the benefit for which he had bargained). However, here, plaintiff's
4 mother did not bargain for plaintiff to be included in the policy. Rather, the parties agreed to
5 limit coverage to resident relatives who were previously identified by the policy holder to
6 defendant, and as alleged by plaintiff herself, plaintiff's mother did not identify plaintiff to
7 defendant. Thus, the court cannot agree with plaintiff's position that she is entitled to the
8 additional coverage under the policy.

9 Finally, plaintiff argues that California courts in analogous situations have rejected
10 defendant's argument that the statutory minimum applies rather than the policy amount. (Doc.
11 No. 6 at 16) (citing *Nat'l Indem. Co. v. Manley*, 53 Cal. App. 3d 126 (1975) and *Clark v.*
12 *Universal Underwriters Ins. Co.*, 233 Cal. App. 2d 746 (1965)). However, as defendant argues
13 (Doc. No. 7 at 8), the cases plaintiff cites in support of this argument are readily distinguishable
14 from this case because they pertain to a different statutory provision. *See Manley*, 53 Cal. App.
15 3d at 132 (analyzing Cal. Ins. Code § 11580.1); *Clark*, 233 Cal. App. 2d at 747 (same). Thus,
16 these cases are simply not applicable here.

17 Because defendant complied with the obligations of its contract, which includes the
18 statutory terms that are implicit in that contract, plaintiff has not stated a cognizable claim for
19 breach of contract. The court will therefore dismiss plaintiff's breach of contract claim. For the
20 same reasons, the court will dismiss plaintiff's claim for declaratory relief, in which she seeks a
21 declaration of the parties' "respective rights and duties under the policy, specifically that
22 [defendant] is obligated to provide Underinsured Motorist coverage to [p]laintiff up to the
23 $250,000 limit of the policy." (Doc. No. 1 at 14.)

24 **B.     Reformation of Contract Claim**

25 Defendant next argues that plaintiff's second cause of action for reformation of the policy
26 must also be dismissed because plaintiff has not alleged any grounds for reformation. (Doc. No.
27 5 at 10.) "The purpose of reformation is to correct a written instrument in order to effectuate a
28 common intention of both parties which was incorrectly reduced to writing." *Lemoge Elec. v.*

1  *San Mateo Cnty.*, 46 Cal. 2d 659, 663 (1956).  Plaintiff alleges that reformation of the policy is required because the parties' "true intention" was "that the terms of the Connect policy comply with California's Vehicle and Insurance Code requirements."  (Doc. No. 1 at ¶ 42.)  As defendant points out, reformation is not required to reflect this intention.  (Doc. No. 5 at 10.)  The policy incorporates as a matter of law the provisions of § 11580.2.  *See Hendricks v. Meritplan Insurance Co.*, 205 Cal. App. 2d 133, 136 (1962) (stating that the language of § 11580.2 is incorporated into every automobile insurance policy).  Accordingly, the court will also dismiss plaintiff's second cause of action.

**C.     Leave to Amend**

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).  To the extent that the pleadings can be cured by the allegation of additional facts, courts will generally grant leave to amend.  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).  Here, even taking the allegations of the complaint in the light most favorable to plaintiff, plaintiff alleges facts that help establish defendant complied with the applicable state statute by paying plaintiff based on the statutory limit.  These allegations are incompatible with plaintiff's first three claims, and there is no way for plaintiff to plead around the fundamental deficiency with her first three claims for relief.  Accordingly, the court concludes that the granting of leave to amend as to plaintiff's first three causes of action would be futile.

**CONCLUSION**

For the reasons explained above, defendant's motion to dismiss (Doc. No. 5) is granted with respect to plaintiff's first, second, and third causes of action, without leave to amend.  Defendant is directed to file a responsive pleading as to plaintiff's remaining claims within fourteen days of the service of this order.

IT IS SO ORDERED.

Dated:     **March 2, 2023**                              _____
                                                                               UNITED STATES DISTRICT JUDGE